RE: MUNICIPAL DUAL OFFICE HOLDING
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECEIPT LETTER IN WHICH YOU ASK FOR ADVICE AS TO THE LEGALITY OF A MUNICIPAL EMPLOYEE SERVING IN TWO MUNICIPAL OFFICES AT ONE TIME. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU IN HIS BEHALF THROUGH THIS INFORMAL LETTER.
YOU ASK ABOUT TWO DIFFERENT AREA THAT COULD ARISE. FIRST, YOU ASK IF THE DUAL OFFICE HOLDING PROVISIONS OF STATE LAW WOULD BE IMPLICATED IN A SITUATION WHERE A COMMISSIONED MUNICIPAL POLICE OFFICER IS APPOINTED TO ACT AS THE MUNICIPAL COURT CLERK. YOU ASK SECONDLY WHETHER SUCH A DUAL OFFICE HOLDING SCENARIO WOULD PRESENT A FORBIDDEN CONFLICT OF INTEREST FOR THE PERSON IN QUESTION.
IN GENERAL, DUAL OFFICE HOLDING IS PROHIBITED IN THIS STATE, EXCEPT IN CASES WHERE A STATUTE HAS EXPRESSLY RECOGNIZED AN EXCEPTION RELATING TO MUNICIPAL GOVERNMENT IS THAT OF 11 O.S. 8-106 (1981), WHICH STATES, IN PERTINENT PART:
 "A PERSON MAY HOLD MORE THAN OR.E OFFICE OR POSITION IN A MUNICIPAL GOVERNMENT AS THE GOVERNING BODY MAY ORDAIN."
THE CLEAR LANGUAGE OF THIS STATUTE PERMITS DUAL OFFICE HOLDING WITHIN A MUNICIPALITY IF THE GOVERNING BODY APPROVES OF SUCH RELATIONSHIPS. IN ATTORNEY GENERAL OPINION NO. 81-031, WHICH DEALT WITH A PRIOR VERSION OF SECTION 11 O.S. 8-106, THE ATTORNEY GENERAL ADVISED THAT INTERNAL MUNICIPAL DUAL OFFICE HOLDING WAS PERMISSIBLE IF EITHER A MUNICIPAL CHARTER PROVISION APPROVED OF SAME, OR IF A MUNICIPAL ORDINANCE HAS BEEN PASSED APPROVING OF SUCH SITUATION. THE ADVICE TENDERED IN THAT OPINION IS STILL VALID. INDEED, THE STATUTORY LANGUAGE THAT HAS BEEN AMENDED IN THIS STATUTE EVIDENCES LEGISLATIVE INTENT TO CLARIFY THAT SUCH MUNICIPAL DUAL OFFICE HOLDING (51 O.S. 6) IS GENERALLY PERMISSIBLE.
HOWEVER, IN YOUR LETTER, YOU ALSO POSE A QUESTION THAT HITS AT THIS RELATIONSHIP FROM ANOTHER ANGLE, THAT OF THE POSSIBLE CONFLICT OF INTEREST THAT MIGHT ARISE IF THE CITY COURT CLERK IS ALSO A COMMISSION MUNICIPAL POLICE OFFICER. THE POSITION OF A CITY COURT CLERK LARGELY INVOLVES ENGAGING IN ACTIVITIES THAT ARE OF A MINISTERIAL NATURE.
THERE ARE ALWAYS CERTAIN POLICY CONCERNS THAT WOULD BE IMPLICIT IN THE TYPE OF CROSS EMPLOYMENT OF THIS NATURE, AND I CANNOT SAY THAT SOME OF THEM ARE NOT SUBJECT TO LEGITIMATE DISCUSSION, AND INDEED, DISAGREEMENT. HOWEVER, SUCH MATTERS OF POLICY ARE LARGELY CONSIDERATION OF THE POLITICAL PROCESS, AND NOT REALLY LEGALLY ORIENTED.
(MICHAEL SCOTT FERN)